AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

FILED

# UNITED STATES DISTRICT COURT
for the

2023 FEB 16  AM 11: 22

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Shane A. Clacken )
)
*Petitioner* )
)
v. ) Case No.  5:23 - cv - 112 - SPC - PRL
) *(Supplied by Clerk of Court)*
WARDEN FCC-Coleman-Low )
)
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

## *EMERGENCY : TIME SENSITIVE*
### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name:  Shane Anthony Clacken
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution:  FCC Coleman-Low
   (b) Address:  PO Box 1031
                  Coleman, FL 33521
   (c) Your identification number:  01081-510

3. Are you currently being held on orders by:
   ☑ Federal authorities        ☐ State authorities        ☐ Other - explain:

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you:
          Southern District of Florida
      (b) Docket number of criminal case: 0:22-CR-60112-RS(3)
      (c) Date of sentencing:  9-16-2022
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
      revocation or calculation of good time credits)

Page 2 of 9

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*:

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  *Federal Bureau of Prisons has not awarded my FSA ETC's.*

(b)  Docket number, case number, or opinion number:  *N/A*

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

*Federal Bureau of prisons has not awarded my FSA ETC's applying my credits to my sentence Accordingly*

(d)  Date of the decision or action:  *Ongoing*

### Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes          ☑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:

(2)  Date of filing:

(3)  Docket number, case number, or opinion number:

(4)  Result:

(5)  Date of result:

(6)  Issues raised:

(b)  If you answered "No," explain why you did not appeal:

*The Respondent has refused all requests for my FSA Earned Time Credits.*

8.    **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a second appeal:

*N/A*

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❏ Yes    ☑ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:

    (2) Date of filing:

    (3) Docket number, case number, or opinion number:

    (4) Result:

    (5) Date of result:

    (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:

*N/A*

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❏ Yes    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ❏ Yes    ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

        If "Yes," provide:
        (1) Name of court:
        (2) Case number:
        (3) Date of filing:
        (4) Result:
        (5) Date of result:
        (6) Issues raised:

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
    ❏ Yes        ☑ No
    If "Yes," provide:
    (1) Name of court:
    (2) Case number:
    (3) Date of filing:
    (4) Result:
    (5) Date of result:
    (6) Issues raised:

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

*I Am requesting to be awarded all my FSA ETC's which is covered under my 2241 Petition.*

11.    **Appeals of immigration proceedings**
    Does this case concern immigration proceedings?
    ❏ Yes    ☑ No
    If "Yes," provide:
(a)    Date you were taken into immigration custody:
(b)    Date of the removal or reinstatement order:
(c)    Did you file an appeal with the Board of Immigration Appeals?
    ❏ Yes    ❏ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1)  Date of filing:
(2)  Case number:
(3)  Result:
(4)  Date of result:
(5)  Issues raised:

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☑ No

If "Yes," provide:
(1)  Name of court:
(2)  Date of filing:
(3)  Case number:
(4)  Result:
(5)  Date of result:
(6)  Issues raised:

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes                    ☑ No

If "Yes," provide:
(a)  Kind of petition, motion, or application:
(b)  Name of the authority, agency, or court:

(c)  Date of filing:
(d)  Docket number, case number, or opinion number:
(e)  Result:
(f)  Date of result:
(g)  Issues raised:

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**: *The Bureau of Prisons is witholding the Petitioner's FSA Time Credits in violation of the Administrative Procedures Act.*

    (a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

    *(See Attached)*

    (b)  Did you present Ground One in all appeals that were available to you?
    ❏ Yes             ☒ No

**GROUND TWO**:
    *N/A*

    (a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

    (b)  Did you present Ground Two in all appeals that were available to you?
    ❏ Yes             ❏ No

**GROUND THREE**:
    *N/A*

    (a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

    (b)  Did you present Ground Three in all appeals that were available to you?
    ❏ Yes             ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

### Request for Relief

15. State exactly what you want the court to do: To command the Respondent to Award all my FSA ETC's and Apply these credits to my sentence without further delay. With my release date without ANY FSA ETC's being Applied on 6-1-2023, this matter is time sensitive and AN emergency. (See Exhibit B)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

2-10-2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 2-10-2023

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

GROUND ONE: THE BUREAU OF PRISONS IS WITHOLDING THE PETITIONER'S FIRST STEP ACT TIME CREDITS IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

Supporting Facts:

As a federal agency created by statute, the Bureau of Prisons (BOP) is responsible for fully complying with all applicable statutes and only the actions authorized to it by Congress. With respect to the First Step Act (FSA), the BOP has failed to do so by totally failing to award the Petitioner any and all his time credits due.

The actions the BOP has taken in violation of the FSA against the Petitioner includes:

- Arbitrarily and capriciously determining that Petitioner's credits should not be awarded for completion of recidivism reduction programs (EBRRP) and productive activities (PA);

- exceeding its statutory authority, which Congress has only established is to award and apply FSA time credits for inmate participation in productive activities and recidivism reduction programming.

The BOP has harmed the Petitioner in not awarding him his earned FSA ETC's as it was required to do by statute, and has made agency decisions that have considered factors that Congress did not authorize in its deciding to deprive Petitioner of the time credits he is entitled to.

Petitioner provides these additional legal arguments in support of his 28 U.S.C. Section 2241 Motion.

## I. ADMINISTRATIVE EXHAUSTION IS FUTILE

While Section 2241 generally required petitioners to complete the administrative appeal process before proceedings to court, "a court may waive the exhaustion requirement when administrative remedies are effectively unavailable or obviously futile." United States v. Ullings, 2020 U.S. Dist. LEXIS 83104 at *2 (N.D. Ga. 2020). An administrative remedy is unavailable if it cannot capably be used to obtain some relief. Ross v. Blake, 136 S. Ct. 1850, 1850 (2016); see Boz v. United States, 248 F. 3d 1290, 1300 (11th Cir. 2001)("a petitioner need not engage in his administrative remedies where the administrative remedy will not provide some relief commensurate with the claims."). The BOP's administrative remedy process cannot provide relief for Petitioner, because (1) the automated BOP-wide system used to calculate FSA time credits cannot be changed by lower level staff and is a procedural dead-end; and (2) Petitioner is actively being harmed by the BOP's very recent policy changes, and he cannot timely complete the administrative remedy process without extending the length of his incarceration.

With respect to the former, the BOP has recently begun usage of a centralized automated system to calculate FSA time credits. (Sept. 7, 2022, BOP FSA Memorandum). Because this calculation is automated, the outcome of an administrative appeal would be predetermined; Petitioner's current time credit result is what the BOP's system says it must be, notwithstanding what is required by law. This renders exhaustion futile. See McCarthy v. Madigan, 503 U.S. 140, 148 (1992).

As the the latter, Petitioner has less than ___ months remaining in his sentence. He requires extended credit of up to a year under the Second Chance Act. Based on the productive activates and recidivism reduction programs Petitioner has participated in, he should have already accrued over a year of earned FSA time credits.

Other district courts have found that the administrative remedy process can easily take 5 months. Tensley v. Outlaw, 2010 U.S. Dist. LEXIS 66738 at *2 (E.D. Ark. 2010). In truth, the volume of prisoners filing administrative remedies because of the BOP's FSA violations will mean this process could take much longer as the BOP is overloaded with administrative appellate proceedings. In the Petitioner's situation, he will not be able to timely seek relief.

The BOP's most recent memo and policy was posted on September 7, 2022. Petitioner could not have engaged in administrative remedies earlier, but even if he did now, he would be unable to complete the futile process of challenging a centralized automated agency-wide process until after he lost the time he needs in pre-release custody. The administrative remedy process is this unable to grant the Petitioner the relief he seeks. See Gallegos-Hernandez v. United States, 688 F. 3d 190, 194 (5th Cir. 2012).

## II BOP HAS VIOLATED THE APA

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial relief thereof." 5 U.S.C. Section 702. The BOP has here deprived Petitioner of his entitled FSA time credits through violation of statute and exceeding its statutory authority. The BOP has violated the Administrative Procedures Act (APA).

At the threshold, the APA specifically contemplated judicial review of agency relevant grounds in tandem with habeas corpus actions. See 5 U.S.C. Section 703; Wright v. Haynes, 410 Fed. Appx.. 262, 264 (11th Cir. 2011). This court is also not prohibited from conducting an APA review of BOP decisions undertaken per 18 U.S.C. Section 229, Subchapter D. See 18 U.S.C. Section 3625 (only restriction APA from agency decisions made per Subchapter C). The APA ground is therefore properly before this court.

The APA requires the court to hold unlawful agency actions, as applicable here, that are arbitrary and capricious or in excess of its statutory authority granted by Congress, See 5 U.S.C. Section 706(2)(A),(C).

## 1. ARBITRATY AND CAPRICIOUS

An agency action is arbitrary and capricious if its decision relied on factors that Congress had not intended it to consider. Miccosukee Tribe of Indians Fla. v. United States, 566 F. 3d 1257, 1264 (11th Cir. 2009). For example, the FSA did not give the

BOP power to consider if declining or "opting out" of a BOP determined program needs prevents the awarding of FSA time credits. To the contrary, the law clearly states that the awarding of time credits is entirely predicated on an inmate's eligibility and whether the inmate has participated in evidence based recidivism reduction programs or productive activities. See 18 U.S.C. Section 3632(d)(4)(A), (C). Indeed the law states that the BOP "shall" (as in, must) award these credits. See id. And per the obligations by law, it should do so for the Petitioner immediately.

## 2. THE BOP IS ACTING IN EXCESS OF ITS STATUTORY AUTHORITY

Congress intended for the FSA to quite simply be an incentive based program "for prisoners to participate in and complete evidence based recidivism reduction programs........" 18 U.S.C. Section 3632(d). Further, the law does not give the BOP any power to determine whether it may choose to grant FSA time credits to low and minimum recidivism risk inmates who participate recidivism reduction based programming or productive activities; the BOP simply must. See 18 U.S.C. Section 3632 (d)(4)(A), (C).

The Supreme Court recently reiterated that an agency "must point to clear congressional authorization for the power it claims." West Virginia v. EPA, 597 U.S. ____,____(slip op. at 19). Congress did not authorize the BOP to develop gate-keeping or dilatory measures to award FSA time credits. The BOP is only authorized to identify the recidivism reduction programs and productive activities with no further distinction, and award and apply all FSA time credits for eligible participating inmates as defined by statute, immediately and on an ongoing basis.

The BOP has instead established hurdles and dilatory practices that it has no power to impose towards prisoners receiving FSA time credits, and as a result has failed to grant Petitioner the FSA time credits he is entitled to.

This court should find that the BOP violation of the APA, and enjoin the BOP to properly apply the law to the Petitioner with the respect to the proper calculation and application of his FSA time credits.

1. On February 6, 2023 the BOP CONCEDED. The BOP amended their BOP Policy & Program Statement CONCEDING that the Petitioner is 1000% correct in his Petition and is owed his FSA ETC's.

2. The BOP Policy prior to February 6, 2023 was to NOT AWARD UNDER ANY CIRCUMSTANCES the Petitioner his FSA ETC's that he was fully entitled to, making any and all Administrative Remedy Requests, futile.

3. The change in the BOP's Policy and Program Statement effective on February 6, 2023 (Exhibit 🔲 clearly concedes that the BOP's position has changed and is now CONCEDING to the position that the Petitioner and ALL similarly situated non-US citizen Petitioners currently with pending 2241's in the US District Court in Ocala Florida and around the country MUST be awarded their FSA ETC's whether or not an assumed immigration detainer exists.

4. THIS KNEE-JERK REACTION BY THE BOP IS NOT A COME TO JESUS MOMENT!
It is a reaction out of fear that their FASCADE OF LIES being revealed to the world, highlighting the BOP intentionally preying upon a mostly uneducated, modern day slave class of non-English speaking, poor, non-US citizen demographic. It is this courts responsibility to expose it for what it is. A CRIME AND A VIOLATION OF FEDERAL LAW.

5. Despite this public position change on February 6, 2023, NO FSA ETC'S have been awarded to the Petitioner or any of the similarly situated Petitioners with pending 2241 Petitioners in the US District Court in Ocala, Florida.

6. The recent rulings has GRANTED these Petitioner's IMMEDIATE RELEASE:
Pierre v. Warden, Case No. 22-cv-412 (D.N.H. Jan. 20, 2023)
Gonzalez v. Warden, Case No. 22-cv-540 (D.N.H Jan. 20, 2023)
Komando v. Warden, LEXIS 11477 (D. N. H. Jan. 13, 2023)
Sierra v. Jacques, Case No. 2:22-cv-1509 (W.D. Wash. Dec. 27, 2022)

These rulings clearly established that the judicial body throughout the United States is mandated to follow the statute set forth in the FSA and MUST fulfill its duty to enforce the laws of the land. These recent decisions fractured and obliterated the BOP's previously unchallenged HOUSE OF LIES!

7. This court has an opportunity to enforce federal law, correct a wrong perpetrated through the tainted hands of the Respondent and BOP collectively, IMMEDIATELY RELEASING the Petitioner and ALL similarly situated individuals with pending 2241 Petitions in the US District Court in Ocala, Florida, with one strike of the pen.

The Petitioner respectfully requests this court to IMMEDIATELY GRANT his 2241 Petition returning him to his family and to his home country without further delay. The Petitioner's current release date is June 1, 2023 without any of his FSA ETC's being applied. This Petition must be treated as an EMERGENCY and highly TIME SENSITIVE!

```
  COLCW  540*23 *           SENTENCE MONITORING          *      02-01-2023
PAGE 001        *            COMPUTATION DATA            *      10:49:30
                             AS OF 02-01-2023

REGNO..: 01081-510 NAME: CLACKEN, SHANE ANTHONY


FBI NO...........: 604624XB0          DATE OF BIRTH: 06-16-1983  AGE:  39
ARS1.............: COL/A-DES
UNIT.............: 3 GP                QUARTERS.....: B02-017U
DETAINERS........: YES                 NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: INELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 04-18-2023

THE INMATE IS PROJECTED FOR RELEASE: 06-01-2023 VIA GCT REL


                 RELEASE AUDIT COMPLETED ON 11-10-2022 BY DSCC
---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 0:22-CR-60112-RS(3)
JUDGE...........................: SMITH
DATE SENTENCED/PROBATION IMPOSED: 09-16-2022
DATE COMMITTED..................: 11-01-2022
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00        $00.00         $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  171    8:1326 ILLEGAL REENTRY         FSA INELIGIBLE
OFF/CHG: 8:1326(A) AND (B)(2) REENTRY OF DEPORTED ALIEN - FELONY
         (CT 28)

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   15 MONTHS
  TERM OF SUPERVISION............:    3 YEARS
  DATE OF OFFENSE................: 05-09-2022




G0002      MORE PAGES TO FOLLOW . . .
```



**U.S. Department of Justice**
Federal Bureau of Prisons

CHANGE NOTICE
OPI:        CPD/CPB
NUMBER:     5410.01 CN-1
DATE:       February 6, 2023

# First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)

/s/
*Approved*:  Colette S. Peters
Director, Federal Bureau of Prisons

This Change Notice (CN) implements the following changes to Program Statement 5410.01, **First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)**, dated November 18, 2022.

*The highlighted text has been added to* ***Section 5. RISK AND NEED ASSESSMENT:***
If an inmate fails to complete a recommended EBRR or PA to address an identified need area, staff will enter the applicable fail or withdraw code into SENTRY, and the inmate will not be considered to have opted out, and therefore, in non-earning status.

An inmate will be reassessed for both risk level and needs at each regularly scheduled Program Review throughout the remainder of the inmate's incarceration **at a BOP institution**.  As defined in the Program Statement **Inmate Classification and Program Review**, the unit team will document the inmate's progress toward recommended goals and update the Individualized Need Plan, as appropriate.  The inmate will receive a copy of their updated Individualized Need Plan which will include the reassessed risk level, need areas, and program recommendations. **Inmates placed in prerelease custody, and who are not subject to regularly scheduled program review, will not receive reassessments.  For inmates in prerelease placement, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.**

*The highlighted text has been added to* ***Section 6. HOW TO EARN FTCs:***
**For inmates in prerelease custody, "the most recent two consecutive risk assessments" refers to the final two risk assessments conducted while the inmate was at a BOP institution, prior to the application of FTCs, i.e., the inmate's transfer to supervised release**

or prerelease custody.  For those inmates who have not completed two assessments prior to transfer to prerelease custody, reassessments will be completed automatically on a monthly basis and will capture changes which occur during prerelease placement.

*The highlighted text has been added to* **Section 8. TRACKING AND EARNING OF FTCs:** **FSA Time Credit Assessments (FTC Worksheets) will be automatically uploaded to the Inmate Central File during each auto-calculation.  Inmates will be provided a copy of the most recent FTC Worksheet during regularly scheduled program reviews.**

*The highlighted text in has been changed (either added or struck through) in* **Section 10. APPLICATION OF FTCs:**
~~While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved.  An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of FTCs.~~

To apply FTCs to prerelease placement, an inmate ordinarily must otherwise be eligible to participate in prerelease custody consistent with limitations as outlined in the Program Statement **Community Corrections Center (CCC) Utilization and Transfer Procedure**, separate from any FSA eligibility criteria, and be "opted in" at the time of the referral and be in minimum or low risk status through their last two assessment periods and transfer to prerelease placement. ~~For inmates with minimum or low risk who have not yet maintained two consecutive assessments, they will need to submit a BP-A0148, Inmates Request to Staff, during their regularly scheduled Program Review in order to have their early application of FTCs considered.  The Unit Manager will submit a request, along with the unit team's recommendation, to the Warden (or designee) for final decision.~~

**Once an inmate has been transferred to prerelease custody pursuant to the procedures outlined in this section, the inmate will maintain the recidivism risk level the inmate had at the time of the transfer, unless the inmate benefits from a lower recidivism risk level based on the passage of time or the inmate's actions result in a higher risk rating.  If an inmate is removed from prerelease custody for a violation, and is returned to a BOP institution, the inmate's recidivism risk level will be reassessed pursuant to the procedures outlined in Section 5 of this Program Statement.**

For inmates who meet the following criteria, up to 365 days of earned FTCs will be automatically applied to early release:

- ~~Has no detainers or unresolved pending charges, to include unresolved immigration status and~~